**SEARS, ROEBUCK AND CO.,**
**Plaintiff-Appellee,**

**Charles W. Dahm, O. P.,**
**Intervenor-Plaintiff-Appellant,**

v.

**Jack ECKERD et al.,**
**Defendants-Appellees.**

**No. 77–1417.**

United States Court of Appeals,
Seventh Circuit.

June 28, 1979.

On Remand from the Supreme Court.

Before CUMMINGS and TONE, Circuit Judges, and WILLIAM J. CAMPBELL, Senior District Judge.*

ORDER

On April 23, 1979, the Supreme Court vacated our judgment and remanded this case for us to reconsider in the light of its opinion in *Chrysler Corp. v. Brown*, —— U.S. ——, 99 S.Ct. 1705, 60 L.Ed.2d 208.[1] In our opinion herein, we had held *inter alia,* in accordance with the Supreme Court's subsequent *Chrysler Corp.* opinion, that Sears' remedy to prevent disclosure of its documents to the intervenor was to seek judicial review of the federal defendants' disclosure decision under the Administrative Procedure Act. See 575 F.2d 1197 at 1202.

Upon consideration of the federal defendants' and Sears' position papers,[2] this case is hereby remanded to the district court with directions to order the Department of Labor to make a new administrative determination in the light of the *Chrysler Corp.* opinion. The Department should determine initially whether the information is currently outside the exceptions in the Freedom of Information Act, 5 U.S.C. § 552(b). If not, the Department should weigh competing

interests to decide whether in its discretion the information should, and legally may, be released. In doing so, the Department should also determine whether the requested data is within the scope of 18 U.S.C. § 1905. The district court should thereafter conduct such proceedings as may be appropriate.

---

* The Honorable William J. Campbell, Senior District Judge of the Northern District of Illinois, is sitting by designation.

1. See —— U.S. ——, 99 S.Ct. 1705.

2. No position paper was filed by intervenor Charles W. Dahm. We are giving no consideration to a position paper filed by attorney Emily A. Sloane since her clients are not parties hereto within Circuit Rule 19.