611 F.2d 439
 20 Fair Empl.Prac.Cas. 1335,
21 Empl. Prac. Dec. P 30,331
CHRYSLER CORPORATION, Appellant in No. 76-1970,
v.
James A. SCHLESINGER, Secretary, United States Department of
Defense, Lt. Gen. Wallace Robinson, Director, Defense Supply
Agency, Philip J. Davis, Director, Office of Federal
Contract Compliance, and John Dunlop, Secretary, United
States Department of Labor, Appellants in No. 76-2238.
 Nos. 76-1970, 76-2238.
 United States Court of Appeals,
Third Circuit.
 Aug. 31, 1979.
 
 Michael D. Goldman, David A. Anderson, Potter, Anderson & Corroon, Wilmington, Del., A. William Rolf, Chrysler Corp., Detroit, Mich., and Burt A. Braverman, Cole, Zylstra & Raywid, Washington, D. C., for appellant in No. 76-1970 and appellee in No. 76-2238.
 Robert E. Kopp, Mark N. Mutterperl, Paul Blankenstein, App. Section, Civ. Div., Dept. of Justice, Douglas N. Letter, Dept. of Justice, Washington, D. C., for appellants in No. 76-2238 and appellees in No. 76-1970.
 Before ADAMS, VAN DUSEN and GIBBONS, Circuit Judges.
 OPINION ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES
 PER CURIAM.
 
 
 1
 This case is before us on remand following the Supreme Court's decision in Chrysler Corp. v. Brown, 441 U.S. 281, 99 S.Ct. 1705, 60 L.Ed.2d 208 (1979). In that case the Court agreed with our holding that exemption 4 of the Freedom of Information Act, 5 U.S.C. § 552 (1976), is permissive, not mandatory, and left undisturbed our holding that review of decisions by Federal agencies to comply with Freedom of Information Act requests was available only under the Administrative Procedure Act, 5 U.S.C. § 702 (1976), and on the agency record.[1] The Court held, however, contrary to our decision that the Trade Secrets Act, 18 U.S.C. § 1905 (1976), is applicable to the defendant agencies, and that their disclosure regulations do not constitute authorization of disclosure by law within the meaning of § 1905. The Court remanded "in order that the Court of Appeals may consider whether the contemplated disclosures would violate the prohibition of § 1905." 441 U.S. at 318-19, 99 S.Ct. at 1726. We requested and received from the parties supplemental briefs on that question.
 
 
 2
 Upon consideration of those briefs we conclude that the determination both of the applicability of § 1905 to the requested information, and of the availability of an exemption from disclosure under 5 U.S.C. § 552(b)(3) should be made in the first instance by the agencies from which the information was requested. Thus, the order of the district court will be vacated and the case will be remanded to the district court with directions to order the appropriate defendant agencies to make a new determination in light of our prior opinion and that of the Supreme Court. The appellant and the appellees shall each bear their own costs in this court.
 
 
 
 [1]
 Chrysler Corp. v. Schlesinger, 565 F.2d 1172, 1191-92 (3d Cir. 1977)