654 F.2d 294
 26 Fair Empl.Prac.Cas. 571,
26 Empl. Prac. Dec. P 32,069,
29 Cont.Cas.Fed. (CCH) 81,706
GENERAL MOTORS CORPORATION, Appellee,
v.
Ray F. MARSHALL, Secretary U. S. Department of Labor; Weldon
J. Rougeau, Director, Office of Federal Contract Compliance
Programs, U. S. Department of Labor; Harold Brown,
Secretary, U. S. Department of Defense; Lt. Gen. W. W.
Vaughn, Director Defense Logistics Agency, U. S. Department
of Defense; James W. Cisco, Executive Director Contractor
Employment Compliance, Defense Logistics Agency, U. S.
Department of Defense; Oswald L. Jordan, Director,
Directorate of Contractor Employment Compliance, Defense
Contract Administration Services Region, Boston, U. S.
Department of Defense; Thomas J. Mulligan, Jr., Commander
Defense Contract Administration Services Region, Boston,
Defense Logistics Agency, U. S. Department of Defense, Appellants.
Equal Employment Advisory Council, Amicus Curiae.
BURROUGHS CORPORATION, Appellee,
v.
Harold BROWN, Secretary of United States Department of
Defense; W. W. Vaughn, Lt. Gen. Commander, Defense Logistics
Agency; F. Ray Marshall, Secretary of United States
Department of Labor; Weldon J. Rougea, Director of Federal
Contract Compliance Programs, Appellants.
Equal Employment Advisory Council, Amicus Curiae.
 Nos. 80-1183, 80-1179.
 United States Court of Appeals,
Fourth Circuit.
 Argued Dec. 1, 1980.
Decided July 17, 1981.
 
 Douglas N. Letter, Civ. Div., Dept. of Justice, Washington, D. C. (Alice Daniel, Asst. Atty. Gen., Washington, D. C., Justin W. Williams, U. S. Atty., Alexandria, Va., Leonard Schaitman, Civ. Div., Dept. of Justice, Washington, D. C., on brief), for appellants.
 Burt A. Braverman, Washington, D. C. (Daniel Stark, Cole, Raywid & Braverman, Washington, D. C., Tom Williams, Detroit, Mich., on brief), for Burroughs Corp.
 Peter G. Nash, Washington, D.C., (Michael J. Bartlett, Peter H. Kiefer, Ogletree, Deakins, Nash, Smoak, Stewart & Edwards, Washington, D.C., on brief), for General Motors Corp.
 Before RUSSELL, WIDENER and PHILLIPS, Circuit Judges.
 DONALD RUSSELL, Circuit Judge:
 
 
 1
 These two actions, consolidated on appeal, involve the right of a federal contractor, supplying information to a government agency under the compulsion of Executive Orders 11246 and 11375,[1] to a judicial review of a decision of the agency to release certain of such information under the terms of the Freedom of Information Act (FOIA), 5 U.S.C. § 552 et seq. The plaintiff in each action is engaged in work at certain of its plants under contracts with the Department of Defense. The Department, after receiving a request for certain parts of the information furnished it by the plaintiffs, advised the plaintiffs of such request and of its intention to release parts of the information requested. In both cases the plaintiffs objected to the release of particular parts of the information supplied. They in each instance accompanied their objections with specific and detailed objections to disclosure, relying on § 1905, 18 U.S.C. and the exemption provisions (b)(3) and (b)(4) of the FOIA. The plaintiff General Motors stated an additional objection, personal to it, that the information which it claimed to be non-disclosable was the same as that found in an earlier case between the parties to be non-disclosable as violative of the prohibition set forth in the Trade Secrets Act, 18 U.S.C. § 1905, (hereinafter § 1905) and in exemptions (b)(3) and (b)(4) of FOIA. General Motors asserted that the earlier decision barred disclosure in this case under the doctrine of collateral estoppel.[2]
 
 
 2
 The objections of the plaintiffs were denied, the agency finding especially that § 1905 excepted from its prohibition any disclosure "authorized by law" and that the regulations issued by the Office of Federal Contract Compliance (OFCCP) of the Department of Labor, to which the enforcement of the Executive Order was committed, as well as regulations issued under § 301, 5 U.S.C. "authorized" the disclosures in these cases.[3] In its denial the agency notified both plaintiffs of its intention, unless enjoined, to release the information in dispute after ten days. At this point the plaintiffs filed their actions, asserting an implied private right of action under § 1905 and FOIA, supported by federal jurisdiction under 28 U.S.C. § 1331 and under the Declaratory Judgment Act, 28 U.S.C. § 2201, as well as a right to administrative review under the Administrative Procedure Act (APA), 5 U.S.C. § 706. Without requiring an answer from the defendant, the plaintiffs agreed in each case to a stay of proceedings awaiting decision in Chrysler Corp. v. Brown, then pending in the Supreme Court.
 
 
 3
 When the opinion in Chrysler Corp. issued, 441 U.S. 281, 99 S.Ct. 1705, 60 L.Ed.2d 208 (1979), the defendant filed a motion to remand to the agency in both cases for review of the objections to disclosure in the light of the decision in Chrysler. The plaintiffs in turn countered with motions for summary judgment, accompanying such motions with supporting affidavits stating the facts and law on which they based their motions. The defendant did not respond to the affidavits of the plaintiffs but stood on its motions to remand. The district court denied the motions to remand and, after a hearing on the motions for summary judgment, based as the plaintiffs contended on the undisputed facts in the cases, granted the plaintiffs' motions for summary judgment.[4] The defendant has appealed in both cases. Since the issues in both cases are similar, we consolidated the two for appeal and decide both in this opinion. We reverse.
 
 
 4
 Since decision in these cases largely turns on Chrysler Corp. v. Brown, we begin by noting the scope of the decision in that case.[5] What Chrysler Corp. did was to bring § 1905 "out of the closet," as one commentator has phrased it,[6] and to legitimatize it as a source for both substantive and procedural rights in favor of federal contractors in resisting disclosure under the FOIA of confidential information submitted by them to government agencies. It did this by identifying that section, first, as a substantive limitation on disclosure by government officers and employees of confidential information supplied by federal contractors "unless (the disclosure was) authorized by law" and, secondly, as a procedural ground for securing judicial review in order to protect against disclosure under such statute when "not authorized by law." The Court had no difficulty in finding that § 1905 in a proper case constituted a bar to disclosure of information submitted to a governmental agency, and it quickly proceeded to the real issue in the case which was whether the proposed disclosure in that case could qualify as "authorized by law" under the excepting language of § 1905, and, assuming the agency found the disclosure exempted from the prohibition of § 1905, whether there was an available form of judicial review for the purpose of testing that administrative decision. On the first point, the Court held that the exemption in § 1905 for disclosures "authorized by law" may be grounded either on an express statute or upon regulations issued in accordance with a congressional "grant of legislative authority." 441 U.S. at 306 and 308, 99 S.Ct. 1720 and 1721. However, it added specifically that regulations authorizing disclosure issued under the Executive Orders 11246 and 11375 by the OFCCP or regulations issued by an agency under § 301, 5 U.S.C. ("the general housekeeping statute") would not qualify as a legal authorization to disclose within the exception of § 1905. Id. at 285-86, 99 S.Ct. at 1709-10. Nor could any disclosure be deemed "authorized by law" in this context under the FOIA itself or a regulation issued thereunder if material to be disclosed fell within any exemption from disclosure under the Act. Id. at 303-04, 99 S.Ct. at 1718-19.[7] While the Court did not determine whether exemption (b)(4) (the "business records" exemption)[8] and § 1905 were to be treated as the "same" for disclosure purposes, in Westinghouse Elec. Corp. v. Schlesinger, 542 F.2d 1190, 1204 n. 38, (4th Cir. 1976), cert. denied, 431 U.S. 924, 97 S.Ct. 2199, 53 L.Ed.2d 239 (1977), we have held that "the scope of § 1905 and Exemption 4 of the FOIA are, ... 'the same,' or, ... 'coextensive.' Accordingly, material qualifying for exemption under (b)(4) falls within the material, disclosure of which is prohibited under § 1905." And this conclusion, as stated by us in Westinghouse, accords with the expression of congressional purpose in enacting the 1976 amendment of FOIA's exemption (3).[9] It followed logically from the language in Chrysler, taken in conjunction with Westinghouse, that any material exempt from disclosure under (b)(4) is within the prohibition against disclosure under § 1905.
 
 
 5
 Chrysler went beyond declaring a federal contractor's substantive right under § 1905. While finding that § 1905 gave such contractor no private right of action under § 1905 to enjoin or prohibit disclosure, the Supreme Court held that § 1905 did confer on him the procedural right to a judicial review under the Administrative Procedure Act of any administrative decision to disclosure which might be violative of that section. 441 U.S. at 316-17, 99 S.Ct. at 1725.[10] In explicating that conclusion, the Court said that "any disclosure that violates § 1905 is 'not in accordance with law' within the meaning of 5 U.S.C. § 706(2)(A)." Id. at 318, 99 S.Ct. at 1726. Implicit in this holding is the requirement that an agency, in dismissing an objection to disclosure may not phrase its decision in conclusory or generalized terms, but, as the authorities in administrative law have repeatedly declared, the agency in such a case must set forth a reasoned and detailed basis for its decision.[11] And this has been recognized by the Government itself. The Department of Justice in its Memorandum: Current and Future Litigation Under Chrysler v. Brown, after conceding "the necessity for reasoned review in light of Chrysler," suggested to all Government agencies "that agency disclosure decisions include a full explanation and documentation of all reasons supporting the agency's acceptance or rejection of the submitter's objections."[12]
 
 
 6
 What the Supreme Court did not decide in this procedural area was whether the judicial review under the Administrative Procedure Act should be on the administrative record or de novo. The Court did say that "(d)e novo review by the District Court is ordinarily not necessary to decide whether a contemplated disclosure runs afoul of § 1905." 441 U.S. at 318, 99 S.Ct. at 1726. However, prior to the statement, the Court had identified the procedure available to the reviewing Court in this context as that stated in the "pertinent provisions of § 10(e) of the APA," i. e., § 706(2)(A) and (2)(F). 441 U.S. at 318, 99 S.Ct. at 1726. (2)(A) contemplates review under a standard of "abuse of discretion, or otherwise not in accordance with law," a form of review which normally would be on the administrative record. Apparently, however, the Court recognized that where disclosure of what might arguably be trade secrets or other information prejudicial to a supplier's competitive position in the market place, there could be circumstances such as suggested in (2)(F) in which the district court might decide that "trial de novo by the reviewing court" was necessary and the Court did not wish to preclude the district court from exercising this right.[13] But we think any decision in this connection that there are circumstances in a particular case warranting review under (2)(F) should await the issuance of the agency's decision and should only be made by the district court after a careful review of the administrative decision and record. This is true, because, as the Supreme Court said, there are many situations where it is obvious that the application of § 1905's prohibition in the particular case will not require a de novo trial. Thus, if the relevant facts are undisputed, such application becomes one of law and can be properly reviewed under the standard of whether the decision of such legal point was "in accordance with law" in (2)(A) and accordingly would not warrant review under (2)(F). We can, however, hypothesize situations where a de novo trial would perhaps be appropriate. But it is premature to make this decision before the agency has had a fair opportunity to make its own review and issue its own statement of reasons.
 
 
 7
 In these cases, there had been an earlier decision by the agency favoring disclosure. The decision in one of the cases (Burroughs ) included no reasoned analysis of the record justifying its conclusion and the reasons given in the other (General Motors ) were largely invalidated in Chrysler. But, subsequent to those decisions and before judicial review could proceed, Chrysler was filed. New guidelines were therein provided for administrative proceedings in this type of case. The agency requested remand of both of these proceedings in order to permit it to review the issue of disclosability of the material in issue in the light of this new authority before any steps for judicial review were undertaken. We are of the opinion that the request was reasonable and proper.
 
 
 8
 The initial administrative decisions in these cases were made when the agency's authority under the FOIA was, to say the least, murky and unclear. Chrysler has gone far to remove much of that uncertainty and to give definiteness to the federal contractor's substantive and procedural rights. The agency should have a reasonable opportunity to review the claims of nondisclosability in the light of this new guidance before there is judicial review of its decisions. § 706 contemplates a right of judicial review only after the plaintiff has exhausted his administrative appeals.[14] When the controlling rules have been changed after the initial decision but before there has been actual judicial review, and the agency has asked for the right to review in the light of the new rules, it cannot be said fairly that administrative appeals have been exhausted. And it is interesting that this appears to have been the view taken by most of the courts which have confronted the problem since Chrysler was decided by the Supreme Court. See Chrysler v. Schlesinger, 611 F.2d 439 (3d Cir. 1979) (which was on remand from the Supreme Court); General Dynamics Corporation v. Marshall, 607 F.2d 234 (8th Cir. 1979); Sears, Roebuck and Co. v. Eckerd, 600 F.2d 1237 (7th Cir. 1979); contra, Gulf Oil Corp. v. Marshall, (D.D.C. Nov. 29, 1979), appeal pending, No. 80-1127 (D.D.Cir.)[15]
 
 
 9
 In our opinion, the issues and facts on remand in these cases are in essence the same as those involved in Chrysler. The scope of remand in that case has been properly declared to be "to determine whether the documents at issue do in fact contain the type of information whose disclosure is prohibited by the Trade Secrets Act (§ 1905). In the event that the agency or the reviewing court finds that the documents contain such information a finding once made by the district court (in that case) after a trial de novo disclosure would be prohibited since, as the Supreme Court found, neither the agency's regulations nor any other statutes or regulations provide the necessary authorization by law to render the Trade Secrets Act inapplicable." 4 Corp.L.J. at 35 n. 43. That should be the procedure on remand in these cases.
 
 
 10
 In vacating the judgments of the district court, with instructions to remand to the agency for further proceedings, we would, however, repeat the strong suggestion made by Judge Gibson in his concurring opinion in General Dynamics Corporation v. Marshall, 607 F.2d at 236-37, that, in an area as difficult as that contemplated in (b)(4) of the Act, the agency should "evaluate carefully the requested disclosure and recognize the legitimate concerns" of the contractors involved.[16] Moreover, the agency must recognize an obligation to achieve a consistency in its decisions and it may not find that certain information may be non-disclosable in one installation of one contractor and disclosable in the installation of another contractor without a clearly articulated statement of the reason for such difference in treatment. A failure of an agency to offer a fully reasoned basis for its decision in this or other relevant areas not only may invalidate an agency's decision but may become a basis for consideration by the district court of the propriety of de novo review under § 706(2)(F).
 
 
 11
 Finally, it is obvious that no disclosure of the material in issue should be made while the objections of the appellees are under consideration by the agency under this direction for a remand and the district court is directed to retain jurisdiction to issue an appropriate injunction if there is any threat of disclosure during the proceedings.
 
 
 12
 Accordingly, we remand these actions to the district court with direction that it remand to the Department of Labor so that administrative determinations may be made in the light of Chrysler Corp. v. Brown, 441 U.S. 281, 99 S.Ct. 1705, 60 L.Ed.2d 208.
 
 
 
 [1]
 These Orders, proscribing sex or racial discrimination by federal contractors, require the filing of various reports and affirmative action plans by such contractors to assure compliance
 
 
 [2]
 For a comment on a related problem of collateral estoppel in this area of the law, see Note, 13 Ga.L.Rev. 1069 (1979)
 
 
 [3]
 In finding the information in issue in Burroughs disclosable, the Department gave no reason for its determination to disclose. In the General Motors case, the Department was more specific in its denial of that plaintiff's collateral estoppel and § 1905 claims. Thus it dismissed the collateral estoppel claim with the statement "that the Westinghouse decision (to which General Motors was a party and which was the decision on which General Motors based its collateral estoppel claim) covers only the documents involved in that case" and that each case in which there are objections to disclosure, "must be decided on its own facts." It did not, however, attempt to answer specifically General Motors' contention that the documents in the Westinghouse case and in the ones under review were the same. It found § 1905 inapplicable because that statute only prohibits "unauthorized disclosure of any information by a Federal employee .... The OFCCP disclosure regulations at 41 CFR Part 60-40 are authorizations to disclose the documents in question here."
 
 
 [4]
 The opinion of the district court in Burroughs Corp. v. Brown is reported in 501 F.Supp. 375 (1980). The decision in General Motors has apparently not been reported
 
 
 [5]
 There have been a large number of comments on the Supreme Court's rulings in Chrysler. Among them are: Note, Protecting Confidential Business Information from Federal Agency Disclosure after Chrysler Corp. v. Brown, 80 Colum.L.Rev. 109 (1980); Note, A Procedural Framework for the Disclosure of Business Records Under the Freedom of Information Act, 90 Yale L.J. 400 (1980); Braverman, Chrysler Corporation v. Brown: Protecting Business Secrets in the '80s, 4 Corp.L.Rev. 23 (1981); Note, The Freedom of Nonfree Information: An Economic Proposal for Government Disclosure of Privately Submitted Commercial Information, 32 Stan.L.Rev. 339 (1980); Note, Chrysler Corporation v. Brown: Seeking a Formula for Responsible Disclosure Under the FOIA, 29 Cath.U.L.R. 159 (1979); Note, FOIA Developments, 1980 Duke L.J. 139, 141, et seq. For a thorough discussion of the Chrysler Circuit Court decision itself, see Note, The Corporate Dilemma in "Reverse" FOIA Suits: Chrysler Corp. v. Schlesinger, 40 U.Pitt.L.Rev. 93 (1978)
 
 
 [6]
 See 29 Cath.U.L.R. at 180, supra :
 "A report presented recently to the American Bar Association's Section of Public Contract Law in response to the Chrysler decision observed that the Supreme Court has 'brought section 1905 out of the closet' in a significant step toward developing a meaningful method of protecting federal contractor data."
 
 
 [7]
 The pertinent language of the opinion on this point is:
 "Since materials that are exempt from disclosure under the FOIA are by virtue of Part II of this opinion outside the ambit of that Act, the Government cannot rely on the FOIA as congressional authorization for disclosure regulations that permit the release of information within the Act's nine exemptions."
 
 
 [8]
 For an informative decision on the scope of exemption (b)(4), see American Airlines, Inc. v. Nat. Mediation Bd., 588 F.2d 863 (2nd Cir. 1978)
 In Gulf & Western Industries, Inc. v. U. S., 615 F.2d 527 (D.C.Cir.1979), the Court found that data quite similar to that involved in these two cases to be exempt from compulsory disclosure by reason of exemption (b)(4). In so doing, the Court gave a well-reasoned discussion of the scope of the exemption.
 
 
 [9]
 In its report on the Government in Sunshine Act, the House committee on Government operations commented:
 "Similarly, the Trade Secrets Act, 18 U.S.C. § 1905, which relates only to the disclosure of information where disclosure is 'not authorized by law,' would not permit the withholding of information otherwise required to be disclosed by the Freedom of Information Act, since the disclosure is there authorized by law. Thus, for example, if material did not come within the broad trade secrets exemption contained in the Freedom of Information Act, section 1905 would not justify withholding; on the other hand, if material is within the trade secrets exemption of the Freedom of Information Act and therefore subject to disclosure if the agency determines that disclosure is in the public interest, section 1905 must be considered to ascertain whether the agency is forbidden from disclosing the information. See Charles River Park "A", Inc. v. Dept. of Housing and Urban Development, (171 U.S.App.D.C. 286, 292 n. 7) 519 F.2d 935, 941 n. 7 (D.C.Cir.1975), and cases there cited."
 Our view, as stated in Westinghouse, that § 1905 and exemption (b)(4) cover basically the same material was apparently adopted in Note, supra, 80 Colum.L.Rev. at 117:
 "First, the reviewing court must determine whether the information at issue falls within the fourth exemption and thus, almost automatically, within the ambit of section 1905."
 
 
 [10]
 In commenting on Chrysler, we said in Humana of Virginia v. Blue Cross of Virginia, 622 F.2d 76, 78 (4th Cir. 1980):
 "The Court (in Chrysler ), however, did hold that an agency's decision to release information which allegedly contravenes § 1905 is subject to judicial review under the Administrative Procedure Act (APA), 5 U.S.C. §§ 702, 706(2) (A)."
 To the same effect are the recent decisions in F. T. C. v. Owens-Corning Fiberglas Corp., 626 F.2d 966, 971 (D.C.Cir.1980), and GTE Sylvania, Inc. v. Consumer Product Safety, 598 F.2d 790, 795 n. 1 (3d Cir. 1979), aff'd., 447 U.S. 102, 100 S.Ct. 2051, 64 L.Ed.2d 766 (1980).
 In Note, supra, 80 Colum.L.Rev. at 115, the author states this ruling of the Court thus:
 "First, the Court reasoned that disclosures made in violation of section 1905 can be enjoined under APA section 10(e)(2)(A) as agency action that is 'not in accordance with law.' Because section 1905 and the fourth exemption protect roughly the same types of information, it would seem that most disclosures of information protected from mandatory disclosure by the fourth exemption could be enjoined under this theory."
 Professor Davis finds the language of the Court on this point somewhat confusing and, in a back-handed way, as "seemingly approving 'a private right of action to enjoin disclosure' in violation of § 1905." His general conclusion of the Court's ruling is that it holds "that § 1905, a criminal statute, will not support an injunction against violation but that the APA and § 1331 will support a separate cause of action for an injunction." Davis, Administrative Law Treatise, (2d Ed. 1978) 1980 Supp. § 5:5, pp. 25-26.
 
 
 [11]
 County of Madison, N. Y. v. U. S. Dept. of Justice, 641 F.2d 1036, 1043 (1st Cir. 1981); Amer. Meat Institute v. Environ. Protect. Agcy., 526 F.2d 442, 453 (7th Cir. 1975); United States ex rel. Coates v. Laird, 494 F.2d 709, 711 (4th Cir. 1974)
 
 
 [12]
 This Memorandum is summarized in 29 Cath.L.Rev. at 181, and 4 Corp.L.Rev. at 37
 
 
 [13]
 See Braverman, 4 Corp.L.Rev. at 36 n.47:
 "Although the Court stated in dicta that '(d)e novo review by the District Court is ordinarily not necessary to decide whether a contemplated disclosure runs afoul of § 1905,' ... the Court did not preclude such review and specifically cited 5 U.S.C. § 706(2)(F), which provides in certain circumstances for de novo review of agency actions."
 The author of the Note in 80 Colum.L.Rev. at 122, touches on this point also. After reviewing the language of the Court on the type of review available, he concludes:
 "The implication of the first dictum seems plain: courts reviewing agency decisions to disclose exempt information may sometimes proceed de novo, rather than on the agency record."
 
 
 [14]
 See 90 Yale L.J. at 409 n. 40
 
 
 [15]
 The reasoning of these cases was summarized in Chrysler on remand (611 F.2d at 440):
 "Thus, the order of the district court will be vacated and the case will be remanded to the district court with directions to order the appropriate defendant agencies to make a new determination in light of our prior opinion and that of the Supreme Court."
 
 
 [16]
 The importance of this suggestion arises from the fact that it is generally understood that "once an agency has released a particular record pursuant to an FOIA request, that record is available to all the world for all time: the agency can neither prevent the requester from disseminating the document to others nor deny a later request for the same document by a different party. The agency must assume that any document disclosed under the FOIA will eventually and inevitably find its way into the possession of the submitter's competitors." 90 Yale L.J. at 418