HERCULES, INC., Plaintiff,

v.

John O. MARSH, Secretary of the Army, Defendant.

Civ. A. No. 86–0329–A.

United States District Court,
W.D. Virginia, Abingdon Division.

May 7, 1987.

Myles T. Hylton, Radford, Va., Gail Waddell, Roanoke, Va., for plaintiff.

Jerry W. Kilgore, E. Montgomery Tucker, Asst. U.S. Attys., Roanoke, Va., for defendant.

## MEMORANDUM OPINION

GLEN M. WILLIAMS, District Judge.

This action is a "reverse" Freedom of Information claim in which the plaintiff, Hercules, Inc. (Hercules), seeks to enjoin the defendant, John O. Marsh, Secretary of the Army (Army), from releasing any further information contained in the Radford Army Ammunition Plant Telephone Directory pursuant to 5 U.S.C. § 552. This court has jurisdiction pursuant to 28 U.S.C. § 1331.

## BACKGROUND

On February 13, 1986, Ernest Gutierrez (Gutierrez) filed a request, pursuant to 5 U.S.C. § 552, Freedom of Information Act (FOIA), requesting a copy of the 1986 official telephone directory for the Radford Army Ammunition Plant (RAAP). The United States published the directory which was in the Army's possession, but Hercules supplied much of the information contained

in the directory. On February 27, 1986, in response to Gutierrez's request, Army representatives at RAAP provided an organizational chart of the government staff at RAAP. The Army, however, concluded that release of the directory would violate the Privacy Act because it contained Hercules' employees' home telephone numbers.

On March 24, 1986, Gutierrez appealed the Army's February 27 decision. Even though he did not agree with the Army's rationale, that it could not release the directory because it contained home telephone numbers, he agreed to deletion of the telephone numbers and requested release of the remainder of the directory. Hercules wrote the U.S. Army Armament, Munitions & Chemical Command (AMCCOM) in Rock Island, Illinois on March 24, 1986 requesting that it withhold the entire plant directory. Hercules objected to release of the sanitized directory (deletion of home telephone numbers) because release would compromise its proprietary and security interests.

On March 26, 1986, RAAP notified Gutierrez that it would not release the directory to him, but that it would provide a list of names and addresses of all federal employees at RAAP. This letter, however, was not a denial of his request and RAAP instructed Gutierrez to notify AMCCOM if he disagreed with the decision. RAAP sent Gutierrez a sanitized directory which withheld pp. vii-viii; Hercules key personnel listing, pp. 2–4; the last portion of page 5; and everything from page 6 on including the white pages, the yellow pages, plant mail route, and beeper numbers. Gutierrez actually received pp. i-vi, page 1 and the first portion of page 5.

Gutierrez requested that AMCCOM forward his request to Army Materiel Command (AMC), the Initial Denial Authority (IDA) in Alexandria, Virginia, for a determination of whether the Army could release the withheld portions. On May 22, 1986, AMCCOM forwarded the request and AMC held that the directory was an agency record. Additionally AMC stated that the yellow pages, plant mail route and absentee reporting sections were commercial in-

formation whose release could cause substantial competitive harm to Hercules and that it was questionable as to whether employee names were exempt as commercial information. Accordingly, on July 23, 1986, AMC notified Gutierrez that he could receive the federal employees' names but *not* a listing of Hercules employees or their residential or in-plant telephone numbers or any proprietary information including the RAAP mail route, absentee reporting and Hercules detailed organizational structure.

On August 29, 1986, Gutierrez appealed the denial to the Secretary of the Army and AMC forwarded it to the Army General Counsel on September 19, 1986. On October 24, 1986, the Army General Counsel returned the appeal package to AMC for clarification as to what portions AMC had withheld. On December 3, 1986, Brian Boyle, Assistant to the General Counsel in the Office of the Secretary of the Army, recommended release of the entire directory with the exception of the residential telephone numbers. Hercules filed this action on December 11, 1986 and requested a TRO which this court granted. By agreement of the parties, the court extended the TRO until January 21, 1987 at which time this court entered a preliminary injunction. Both parties have filed briefs in support of their positions.

### OPINION

■ Hercules seeks to enjoin Army disclosure on the grounds that disclosure is inconsistent with the FOIA and the Trade Secrets Act, 18 U.S.C. § 1905, a criminal statute that proscribes disclosure of certain classes of business and personal information by an officer or employee of a federal department or agency. The FOIA, however, is purely a disclosure statute which does not forbid disclosure of any type of information. FOIA's exemptions are not mandatory bars to disclosure. *Chrysler Corp. v. Brown*, 441 U.S. 281, 293, 99 S.Ct. 1705, 1713, 60 L.Ed.2d 208 (1979). Therefore, it provides neither the substantive basis nor a private right of action to enjoin agency disclosure. 18 U.S.C. § 1905, however, provides the substantive basis on

which to bar disclosure. § 1905 prevents disclosure of information which concerns or relates to—

   ... the trade secrets, processes, operations, style of work, or apparatus, or to the identity, confidential statistical data, amount or source of any income, profits, losses, or expenditures of any person, firm, partnership, corporation, or association; or permits any income return or copy thereof or any book containing any abstract or particulars thereof to be seen or examined by any person except as provided by law; ....

While 18 U.S.C. § 1905's language specifically mentions only individuals such as officers, employees, or agents, in *Chrysler* the Supreme Court held that § 1905 addresses formal agency action as well as individual action. 441 U.S. at 301, 99 S.Ct. at 1717. The Supreme Court, however, determined that § 1905 did not afford a plaintiff a private right of action to enjoin disclosure in violation of the statute, 441 U.S. at 316, 99 S.Ct. at 1724–25, but concluded that a private right of action under § 1905 is not necessary because a plaintiff can initiate review of the decision to disclose pursuant to the Administrative Procedure Act (APA), 5 U.S.C. §§ 701–706. 441 U.S. at 317, 99 S.Ct. at 1725.

## SCOPE OF REVIEW

■ Having determined that the APA permits review of the Army's decision to release the requested information, this court next faces the question of the proper scope of that review. The relevant provisions of § 10(e) of the APA, 5 U.S.C. § 706 permit administrative review based on an

arbitrary and/or capricious standard or trial *de novo*.[1] *Chrysler* states, however, that *"[d]e novo* review by the District Court is ordinarily not necessary to decide whether a contemplated disclosure runs afoul of § 1905," 441 U.S. at 318, 99 S.Ct. at 1726, but the opinion did not elaborate upon what factors might justify *de novo* review.

The Fourth Circuit elaborated as to what factors justify *de novo* review in *General Motors Corp. v. Marshall,* 654 F.2d 294 (4th Cir.1981) (GMC). Specifically, the Fourth Circuit stated:

   A failure of an agency to offer a fully reasoned basis for its decision in this or other relevant areas not only may invalidate an agency's decision but may become a basis for consideration by the district court of the propriety of *de novo* review under § 706(2)(F).

*GMC,* 654 F.2d at 300. Because the Army's decision to release the telephone directory was accompanied by a memorandum of Brian D. Boyle which contained a reasoned and detailed basis for its decision,[2] *de novo* review in this instance is unnecessary. Therefore, this court will review the Army's decision under the standard set forth in 5 U.S.C. § 706(2)(A).

## AGENCY RECORD

■ Gutierrez requested the telephone directory pursuant to 5 U.S.C. § 552(a)(3) which provides that an agency make records available to any person. Hercules first contends that disclosure is improper because the telephone directory is not an agency record within the meaning of the FOIA. 32 C.F.R. 518, the federal regula-

---

1. § 10(e) of the APA, 5 U.S.C. § 706 states in pertinent part:

   The reviewing court shall—

     \*    \*    \*    \*    \*    \*

   (2) hold unlawful and set aside agency action, findings, and conclusions found to be—

   (A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;

     \*    \*    \*    \*    \*    \*

   (F) unwarranted by the facts to the extent that the facts are subject to trial de novo by the reviewing court.

2. In his Memorandum Opinion, Boyle stated that even if the release revealed Hercules' organizational structure and key personnel, this would not harm Hercules because its contract was not awarded competitively.

   In response to Hercules' other allegations, Boyle stated that its claim of potential loss of valued employees and loss of competitive man hours were too speculative and did not contain particularized allegations. In addition, Hercules' claim that release could cause possible dissemination of information affecting plant security, lacks credibility because employees may already make outgoing telephone calls.

tion concerning release of information and records from Army files, defines agency records as:

> The products of data compilation, regardless of physical form or characteristics, made or received by a DoD [Department of Defense] Component in connection with the transaction of public business and preserved by a DoD Component primarily as evidence of the organization, policies, functions, decisions, or procedures of the DoD Component.

32 C.F.R. § 518.3(b)(1). Hercules concludes that the telephone directory is not an "agency record" because it is not "preserved by a DoD Component primarily as evidence of the organization, policies, functions, decisions or procedures of the DoD Component." *Id.* § 518.3(c),[3] which defines DoD Component and specifically states, "DA [Department of Army] is a DoD Component," refutes Hercules' first argument that the Contracting Officers Representative (COR) staff is not a DoD Component. Hercules argues that the request was made of the local COR staff and that since COR staff cannot act independently on FOIA request and does not have its own initial denial authority [IDA], it is not a DoD Component. Hercules' argument has three flaws. First, Gutierrez' request was made to the Department of Army not to COR staff. Although the information was in Radford, Gutierrez made the request to the Army. Secondly, COR staff is a DoD Component because it is merely a subordinate of the Army, which itself is a DoD Component. Lastly, COR staff, through the Army's several levels of administrative appeal may receive and act independently on FOIA requests and has an IDA which is AMC. Therefore, a DoD Component in fact preserved the information.

**3.** 32 C.F.R. § 518.3(C) provides:

> *DoD Component.* An element of the Department of Defense, authorized to receive and act independently on FOIA requests. A DoD Component has its own initial denial authority (IDA) or authorities and its own appellate authority. *DA is a DoD Component.* (emphasis added).

**4.** 32 C.F.R. § 518.3(2) provides:

> The following are not included within the definition of the word "record":

Hercules' second argument as to why the directory is not an agency record is that it is not "primarily [ ] evidence of the organization, policies, functions, decisions, or procedures" of the Army. Because the basic objective of the FOIA is disclosure, *Chrysler,* 441 U.S. at 290, 99 S.Ct. at 1711–12, this court liberally interprets this requirement. The telephone directory contains some evidence of the organizational structure at RAAP. It contains limited policies and the specific functions and job classifications of the employees. Although most of the information relates to RAAP's employees rather than the Army's employees, the Army printed the directory and refers to it in its daily supervision of the RAAP. Therefore, this court holds that the directory is an "agency record" subject to disclosure.

Hercules argues that even if the directory is an "agency record" within § 518.3(b)(1)'s general definition, § 518.-3(b)(2)[4] specifically excludes it from being an "agency record." However, Hercules has presented no facts and made no argument, that the directory is commercially exploitable resources as defined by § 518.-3(b)(2). As such, § 518.3(b)(2) does not exclude the directory from the definition of "agency record."

## TRADE SECRETS ACT

Hercules argues that even if the telephone directory is within the scope of the FOIA, the information contained therein falls within a FOIA exemption and in addition that the Trade Secrets Act bars its release. However, it is not necessary for this court to determine whether the information falls within one of the FOIA exemp-

\*   \*   \*   \*   \*   \*

(iii) Commercially exploitable resources, including but not limited to, formulae, designs, drawings, maps and charts, map compilation, manuscripts and map research materials, research data, computer programs, and technical data packages that were not created and are not utilized as primary sources of information about organization, policies, functions, decisions, or procedures of a DoD Component.

tions because its exemptions are discretionary, rather than mandatory. 441 U.S. at 293, 99 S.Ct. at 1713. Also, the Fourth Circuit held, subsequent to *Chrysler*, that FOIA Exemption 4 (trade secrets and commercial or financial information obtained from a person and privileged or confidential. 5 U.S.C. § 552(b)(4)) and 18 U.S.C. § 1905 are "the same" or "co-extensive." *General Motors Corp. v. Marshall*, 654 F.2d at 297. Therefore, this court proceeds to analyze whether the directory is protected information under § 1905 that can be released only as provided by law.

▓▓▓ Hercules does not specify which class of § 1905's protected information this litigation affects. This court logically assumes that Hercules does not contend that the directory is trade secrets, but rather that it contends that the directory contains confidential information. Because FOIA Exemption 4 and § 1905 are the same, *id.*, this court may utilize cases which interpret the scope and requirements of Exemption 4 to determine § 1905's requirements and scope.

Information is 'confidential' only if its disclosure is 'likely ... to impair the government's ability to obtain necessary information in the future ... or to cause substantial harm to the competitive position of the person from whom the information was obtained.' To prove substantial competitive harm, the party seeking to prevent disclosure must show by specific factual or evidentiary material, not conclusory or generalized allegations, that it actually faces competition and that substantial competitive injury would likely result from disclosure.

*Sharyland Water Supply Corp. v. Block*, 755 F.2d 397, 399 (5th Cir.), *cert. denied*, 471 U.S. 1137, 105 S.Ct. 2678, 86 L.Ed.2d 697 (1985). *E.g.*, *Miami Herald Publishing Co. v. United States Small Business Administration*, 670 F.2d 610, 613–14 (11th Cir.1982); *Public Citizen Health Re-search Group v. Food & Drug Administration*, 704 F.2d 1280, 1290–91 (D.C.Cir. 1983). Hercules alleges that release of the directory would impair the government's ability to obtain necessary information in the future. Particularly, Hercules states that the most recent telephone directory does not contain all the information contained in the one previously printed. "Necessary information" means "information that would be particularly helpful to agency officials in carrying out their mandates." *9 to 5 Organization for Women Office Workers v. Board of Governors of Federal Reserve System*, 721 F.2d 1, 10 (1st Cir.1983). No requirement exists that "it must be absolutely 'necessary' in the sense of being absolutely essential to the operation of the agency or to the governing process itself." *Id.* However, a minor impairment cannot overcome the disclosure mandate of the FOIA. *Washington Post Co. v. United States Department of Health and Human Services*, 690 F.2d 252, 269 (D.C.Cir.1982). Hercules presented no evidence as to the "necessity" of the information in issue. Assuming that the information is "necessary," however, this court finds that any impairment is not significant enough to justify withholding the information. Additionally, no detailed factual inquiry supports Hercules' allegation that disclosure will impair the government's ability to obtain necessary information of this type in the future. *Id.*

▓▓▓ Hercules also alleges that release would cause substantial harm to its competitive position. To prove substantial competitive harm, Hercules may not use merely conclusory and generalized allegations. Hercules has identified several ways in which release would affect its production.[5] However, Hercules fails to meet the threshold requirement—that it actually faces competition. The contract at RAAP is not awarded competitively. Rather, the Army always awards the contract to Her-

---

**5.** Hercules alleges that as a result of release of the directory, individuals could use it to:
   (a) structure the organization of the plant;
   (b) solicit privileged information and/or layout of products/process flow from employees;
   (c) identify the location of specialized people and bypass the Purchasing Department;
   (d) develop mailing list for sale;
   (e) contact employees to obtain information or to harass them.

cules. For this reason, Hercules is not competitive within the industry. Therefore, release of the information cannot cause competitive harm. As such the directory is not confidential information under 18 U.S.C. § 1905 nor 5 U.S.C. § 552(b)(4).

Because this court finds that the directory is not confidential information, it is not necessary to determine if laws exist which would nevertheless permit its release under § 1905. Equally true, it is not necessary for this court to examine 32 C.F.R. § 518.-7(b), which makes 32 C.F.R. § 518.8(d)'s exemption mandatory on the Army absent a showing of "compelling public interest." The directory is not confidential information and the Army's decision to release is supported by substantial evidence. Therefore, this court denies Hercules' request to enjoin release of the RAAP telephone directory.