IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-20538
_____

SEALED APPELLEE #1; SEALED APPELLEE #2,

Plaintiffs-Appellees,

versus

SEALED APPELLANT,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Texas
(H-96-CV-3113)
_____

October 14, 1999

Before EMILIO M. GARZA and PARKER, Circuit Judges, and FITZWATER,
District Judge.[*]

FITZWATER, District Judge:[**]

In this reverse-FOIA[1] case arising from an administrative
agency's decision to release a draft report concerning a chemical
plant explosion, the agency does not challenge on appeal the
district court's determination that all the information that the
plant owner provided the agency during its investigation fell

---

[*]District Judge of the Northern District of Texas, sitting by
designation.

[**]Pursuant to 5th Cir. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5th Cir. R. 47.5.4.

[1]Freedom of Information Act, 5 U.S.C. § 552.

within FOIA exemption 4, 5 U.S.C. § 552(b)(4). Because the agency's failure to contest this holding leads to the conclusion that the Trade Secrets Act ("TSA"), 18 U.S.C. § 1905, prohibits disclosure of the materials at issue, we affirm.

I

Plaintiffs-appellees Sealed Appellee #1 and Sealed Appellee #2 (collectively, the "Company") provided defendant-appellant Sealed Appellant (the "Department") with voluminous documents and information in connection with the Department's investigation of a catastrophic explosion at the Company's chemical plant. Later, the Department advised the Company that, in response to a newspaper reporter's FOIA request, it intended to release some of this information in a draft report ("Draft Report"). The Company objected and sued in district court, seeking a declaratory judgment that the Draft Report contained confidential commercial information that was exempt from disclosure under the FOIA and barred from disclosure under the TSA, and requesting an injunction to prevent the Department from disclosing the Draft Report and underlying documents. Although the district court relied on grounds that were not entirely favorable to the Company, it granted the injunction and ordered the Department to release a redacted version of the Draft Report that, to the extent possible, was devoid of any exempted materials.

In reaching its decision, the district court held that "all information [the Company] provided [the Department] during [its] investigation falls within exemption 4." The Department does not

- 2 -

challenge this holding before us. *See* Appellant Br. at 25 & n.12; Appellant Rep. Br. at 14 n.4. When we asked its counsel at oral argument whether the Department "concede[s] that all of the information that [the Company] provided falls within exemption 4," Department counsel responded, "Well, we do for purposes of this appeal[.]"[2]

Among its arguments on appeal, the Company contends that "the applicability of FOIA exemption 4 also determines whether the Trade Secrets Act prohibits an agency from disclosing the confidential information[.]" Appellee Br. at 40. It cites the well-recognized principle that "whenever a party succeeds in demonstrating that its materials fall within Exemption 4, the government is precluded from releasing the information by virtue of the Trade Secrets Act." *Id.* (quoting *McDonnell Douglas Corp. v. Widnall*, 57 F.3d 1162, 1164 (D.C. Cir. 1995)); *see id.* at 15-16 (arguing that FOIA exemption 4 and TSA are at least coextensive and because Draft Report is subject to exemption 4, its disclosure is prohibited by TSA).

---

[2]Elsewhere in his argument, counsel stated: "The government's position is that although we think that's [the Company's assertion that all the information that it submitted and everything in the Draft Report was confidential commercial information] flawed, we do not urge that as a basis for reversing the district court's decision."

- 3 -

FOIA exemption 4 excuses from mandatory disclosure "trade secrets and commercial or financial information obtained from a person and privileged or confidential." 5 U.S.C. § 552(b)(4). This exemption grants an administrative agency discretion to withhold information that is otherwise disclosable. It does not mandate nondisclosure. *Chrysler Corp. v. Brown*, 441 U.S. 281, 291-94 (1979). If another statute or regulation bars release of the information, however, the agency lacks discretion to disclose it. *Id.* at 293-94.

The TSA operates as a limit on agency discretion. *See Chrysler*, 441 U.S. at 317-18. It forbids any agency officer or employee from disclosing trade secrets "to any extent not authorized by law."[3] Assuming, as the Department argues, that §

---

[3]The TSA provides:

> Whoever, being an officer or employee of the United States or of any department or agency thereof, any person acting on behalf of the Office of Federal Housing Enterprise Oversight, or agent of the Department of Justice as defined in the Antitrust Civil Process Act (15 U.S.C. 1311—1314), publishes, divulges, discloses, or makes known in any manner or to any extent not authorized by law any information coming to him in the course of his employment or official duties or by reason of any examination or investigation made by, or return, report or record made to or filed with, such department or agency or officer or employee thereof, which information concerns or relates to the trade secrets, processes, operations, style of work, or apparatus, or to the identity, confidential statistical data, amount or source of any income, profits, losses, or expenditures of any person, firm, partnership, corporation, or association; or

8(g) of the Occupational Safety and Health Act (the "OSH Act"), 29 U.S.C. § 657(g), confers such authority on the Department, § 8(g) is in turn subject to § 15 of the OSH Act, 29 U.S.C. § 664.[4] With exceptions not pertinent here,[5] § 15 precludes the Department from disclosing any information that "might reveal a trade secret referred to in section 1905 of Title 18." Section 15 thus incorporates the TSA definition of trade secret.

The Department's failure to challenge the district court's

---

> permits any income return or copy thereof or any book containing any abstract or particulars thereof to be seen or examined by any person except as provided by law; shall be fined under this title, or imprisoned not more than one year, or both; and shall be removed from office or employment.

18 U.S.C. § 1905.

[4]29 U.S.C. § 664:

> All information reported to or otherwise obtained by the Secretary or his representative in connection with any inspection or proceeding under this chapter which contains or which might reveal a trade secret referred to in section 1905 of Title 18 shall be considered confidential for the purpose of that section, except that such information may be disclosed to other officers or employees concerned with carrying out this chapter or when relevant in any proceeding under this chapter. In any such proceeding the Secretary, the Commission, or the court shall issue such orders as may be appropriate to protect the confidentiality of trade secrets.

[5]Section 15 permits disclosure of trade secrets to other officers or employees of the agency, or when relevant to any proceeding. The Department does not contend that either exception applies in this case. *Cf.* Appellant Br. at 31 n.15 (asserting that there were no pending proceedings).

holding that all the information that the Company provided to the Department fell within exemption 4, coupled with § 15's incorporation of the TSA definition of trade secret, means that the Department was precluded from disclosing the information in question. The TSA "is at least co-extensive with that of Exemption 4 of FOIA." *CNA Fin. Corp. v. Donovan*, 830 F.2d 1132, 1151 (D.C. Cir. 1987) (footnote omitted). "Accordingly, when a person can show that information falls within Exemption 4, then the government is precluded from releasing it under the Trade Secrets Act." *McDonnell Douglas Corp. v. NASA*, 180 F.3d 303, 305 (D.C. Cir. 1999). With exceptions not relevant here, the TSA applies with full force to the Department because § 15 of the OSH Act incorporates the TSA definition of trade secret. Therefore, given the district court's unchallenged holding, the Company has "succeed[ed] in demonstrating that its materials fall within Exemption 4, [and] the government is precluded from releasing the information by virtue of the Trade Secrets Act." *McDonnell Douglas v. Widnall*, 57 F.3d at 1164.

III

We can discern from the Department's briefing two principal reasons why it did not consider to be dispositive of this appeal its failure to challenge the district court's exemption 4 holding.

First, FOIA exemptions do nothing more than vest an agency with discretion to withhold information that must otherwise be disclosed. Therefore, the Department's reasoning goes, even if it concedes for appellate purposes that the materials at issue fall

within exemption 4, it still retains the discretion to disclose them.  *See* Appellant Br. at 25; Appellant Rep. Br. at 14 n.4.  The flaw with this approach is that if exemption 4 and the TSA are coextensive, then regardless of the discretion that the Department retains under FOIA, the TSA (through § 15 of the OSH Act) prohibits disclosure.

The Department's second reason appears to rest on its view that the term "trade secret" in § 15 of the OSH Act, which incorporates the TSA definition of "trade secrets," is narrower than the scope of exemption 4.  Therefore, even if all the information at issue falls within exemption 4, at least some consists of confidential commercial information that is not a trade secret, and thus is not subject to the TSA's prohibition against disclosure.  Such materials, in the Department's view, would still be disclosable as a matter of agency discretion.  *See* Appellant Rep. Br. at 13-15 & 14 n.4.

One need only turn to *CNA Financial*, in which the District of Columbia Circuit held that the TSA is at least coextensive with exemption 4, to see that this rationale lacks force in this case.  In *CNA* the court discussed the significance of the coextensiveness question:

> If the range of the [Trade Secrets] Act is narrower than the scope of Exemption 4, there will be some commercial and financial data that these agencies will be free to release in their discretion, though they are not required to do so by FOIA.  If, on the other hand, the reach of the [Trade Secrets] Act is at least coextensive with that of Exemption 4, *a finding that requested material falls within that exemption will be tantamount to a*

> *determination that these agencies cannot reveal it.*

830 F.2d at 1144 (footnote omitted) (emphasis added). *See McDonnell Douglas v. Widnall*, 57 F.3d at 1164 (stating that although exemption 4 and the TSA "perform distinct legal functions," "they are nevertheless closely related in terms of the materials to which they each apply").

Moreover, courts hold in broad terms that the government is prohibited by the TSA from disclosing information or materials that fall within FOIA exemption 4. *See McDonnell Douglas v. NASA*, 180 F.3d at 305("Accordingly, when a person can show that information falls within Exemption 4, then the government is precluded from releasing it under the Trade Secrets Act."); *McDonnell Douglas v. Widnall*, 57 F.3d at 1164 ("Consequently, whenever a party succeeds in demonstrating that its materials fall within Exemption 4, the government is precluded from releasing the information by virtue of the Trade Secrets Act."); *Pacific Architects & Eng'rs Inc. v. United States Dep't of State*, 906 F.2d 1345, 1347 (9th Cir. 1990) ("Accordingly, material qualifying for exemption under (b)(4) falls in the material, disclosure of which is prohibited under section 1905."); *Acumenics Research & Tech. v. United States Dep't of Justice*, 843 F.2d 800, 806-07 (4th Cir. 1988) ("Thus, for information falling within exemption (4), the Trade Secrets Act does bar an agency decision to release the information."); *General Motors Corp. v. Marshall*, 654 F.2d 294, 297 (4th Cir. 1981) ("It followed logically . . . that any material exempt from disclosure under (b)(4) is within the prohibition against disclosure under §

- 8 -

1905."); *Westinghouse Elec. Corp. v. Schlesinger*, 542 F.2d 1190, 1204 n.38 (4th Cir. 1976) ("Accordingly, material qualifying for exemption under (b)(4) falls within the material, disclosure of which is prohibited under § 1905.").

The Department's assertion that "courts have rejected the argument that 'trade secrets' encompasses all confidential, commercial information covered by Exemption 4," Appellant Rep. Br. at 14, relies on cases that (not surprisingly) interpret the definition of the term "trade secrets" contained in exemption 4. *See Anderson v. Department of Health & Human Servs.*, 907 F.2d 936, 943-44 (10th Cir. 1990) (deciding whether exemption 4 definition of trade secret is narrower than broad definition in first Restatement of Torts); *Public Citizen Health Research Group v. Food & Drug Admin.*, 704 F.2d 1280, 1288 (D.C. Cir. 1983) (same) ("we define trade secret, solely for the purpose of FOIA Exemption 4"). They do not construe the relationship between exemption 4 and the TSA. We think that if these decisions resolved how the TSA operates upon exemption 4 materials, they would have done so in clearer terms. That they are not apposite is reflected by the fact that the District of Columbia Circuit, which decided *Public Citizen*, has twice in recent years reiterated the broad holding that when a person shows that information or materials fall within exemption 4, the government is precluded from releasing them under the TSA. *See McDonnell Douglas v. NASA*, 180 F.3d at 305 (information); *McDonnell Douglas v. Widnall*, 57 F.3d at 1164 (materials). In its June 1999 opinion in *McDonnell Douglas v. NASA*, a case in which the submitter

argued that FOIA exemption 4 protected its "confidential commercial or financial information," the circuit court held: "If *commercial or financial information* is likely to cause substantial competitive harm to the person who supplied it, that is the end of the matter, for the disclosure *would violate the Trade Secrets Act*." *McDonnell Douglas v. NASA*, 180 F.3d at 306 (emphasis added).

IV

Accordingly, without suggesting approval of the district court's reasoning, we hold that the Department did not act according to law when it sought in the Draft Report to disclose materials covered by the TSA. Because "any disclosure that violates § 1905 is 'not in accordance with law' within the meaning of 5 U.S.C. § 706(2)(A)," *Chrysler*, 441 U.S. at 318, and since the Administrative Procedure Act authorizes a court to enjoin an agency's FOIA decision that is "not in accordance with law," s*ee Dowty Decoto, Inc. v. Department of Navy*, 883 F.2d 774, 776 (9th Cir. 1989) ("the APA authorizes this injunction preventing the Navy from disclosing Decoto's data, provided that such disclosure violates the Trade Secrets Act"), the district court did not commit reversible error.[6]

---

[6]We do not suggest that, in all circumstances, we will uphold nondisclosure of otherwise disclosable information based on an agency's litigation strategy on appeal. Because we recognize that the FOIA is intended to inform citizens "what their government is up to," *United States Department of Justice v. Reporters Committee for Freedom of the Press*, 489 U.S. 749, 773 (1989), we decline to adopt a universal rule that would permit the government to avoid disclosure based on appellate concessions. This reverse-FOIA case, however, is not one in which we are concerned that the Department, by its failure to challenge the exemption 4 holding below, is attempting to withhold information from the public.

V

We need not remand to the Department "to reconsider the relevant factors and explain the decision it reached based upon those factors." Appellant Br. at 37. First, we are not affirming the district court on the ground that the Department failed to weigh or explain the public and private interests in question. We are affirming because the effect of the Department's decision not to challenge the exemption 4 holding is to make all information at issue nondisclosable trade secrets. Second, a remand is not required where "[t]here is not the slightest uncertainty as to the outcome of a[n] [agency] proceeding." *A. L. Pharma, Inc. v. Shalala*, 62 F.3d 1484, 1489 (D.C. Cir. 1995) (quoting *NLRB v. Wyman-Gordon Co.*, 394 U.S. 759, 766-67 (1969)). Under the law of the case, the TSA precludes the information at issue from being released. No amount of additional agency discretion or explanation can result in making this information disclosable. The district court's judgment circumscribes the reach of what the Department can and must do.

* * *

We asked Department counsel during oral argument whether the Department's concession concerning exemption 4 ends the appeal. Although counsel asserted that it does not, we conclude for the reasons stated that it does. Accordingly, the district court's judgment is

AFFIRMED.