**HERCULES, INCORPORATED,**
**Plaintiff–Appellant,**

v.

**John O. MARSH, Jr., Secretary of the**
**Army, Defendant–Appellee.**

**No. 87–2632.**

United States Court of Appeals,
Fourth Circuit.

Argued Jan. 4, 1988.
Decided Feb. 23, 1988.

Myles Talbert Hylton (Edwin C. Stone, Stone & Hamrick, P.C., Radford, Va., on brief), for plaintiff-appellant.

Jerry Walter Kilgore, Asst. U.S. Atty. (John P. Alderman, U.S. Atty., Roanoke, Va., on brief), for defendant-appellee.

Before WINTER, Chief Judge, PHILLIPS, Circuit Judge, and YOUNG, Senior United States District Judge for the District of Maryland, sitting by designation.

HARRISON L. WINTER, Chief Judge:

This is a reverse Freedom of Information Act, 5 U.S.C. §§ 552, et seq. (FOIA), case wherein Hercules, Inc., the government contractor that operates the Radford Army Ammunition Plant in Radford, Virginia, seeks to prevent the Secretary of the Army (Secretary) from releasing a telephone directory that Hercules prepares at the government's expense. The directory contains the names, plant addresses and plant telephone numbers of personnel at the plant, including the home telephone numbers of key personnel, and sets forth the various buildings throughout the plant, various departmental organizations, and production buildings by name and number. Employing the standard set forth in 5 U.S. C. § 706(2)(A) (whether agency action is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law"), the district court, 659 F.Supp. 849 sustained the Secretary's decision to release the directory in its entirety except for home telephone numbers of key personnel.

It ruled that the directory was an agency record, and its release would not violate the Trade Secrets Act, 18 U.S.C. § 1905 (TSA). On motion supported by affidavit, the district court reconsidered its decision as to the application of the TSA, employing the standard of *de novo* review. It, however, reached the same judgment.

Hercules appeals, and we affirm.

### I.

■ At the outset, we express our reservations about whether this appeal is properly before us or whether it is moot. While the Secretary does not assert mootness, the fact is that the Army administratively concluded to release the directory, deleting only the residential telephone numbers of Hercules employees.[1] Hercules then filed suit in the district court and obtained a preliminary injunction barring release of the directory. However, in the interim between the district court's judgment denying a permanent injunction barring release of the directory and its reconsideration of that ruling, the directory was released to the requesting party. At first blush it would appear that the case is moot, but we were told in oral argument that a successor, updated directory is in the process of preparation and that a request for it under the FOIA has been made. Because it appears that the questions presented by the appeal are "capable of repetition, yet evading review," *see Southern Pacific Terminal Co. v. Interstate Commerce Commission*, 219 U.S. 498, 515, 31 S.Ct. 279, 283, 55 L.Ed.310 (1911); *Moore v. Ogilvie*, 394 U.S. 814, 816, 89 S.Ct. 1493, 1494–95, 23 L.Ed.2d 1 (1969), we will decide the case on the merits and not dismiss the appeal.

### II.

■ We agree with the district court that the directory is an "agency record" within the meaning of § 552 of FOIA. Although the Act contains no definition of the term, a Department of Defense regulation,

---

1. In oral argument we were told that litigation to obtain the residential telephone numbers is being pursued at the administrative level.

32 C.F.R. § 518.3(b), defines the term to mean "[t]he products of data compilation ... made or received by a DoD Component in connection with the transaction of public business and preserved ... primarily as evidence of the organization, policies, functions, decisions, or procedures of the DoD Component." Excluded from the definition are "[c]ommercially exploitable resources ... that were not created and are not utilized as primary sources of information about organizations, policies, functions, decisions, or procedures of a DoD Component." § 518.3(b)(2)(iii).

On its face, the directory is encompassed in the definition of an "agency record." Hercules argues, however, that the directory is not an agency record because Hercules, rather than a DoD Component compiles and maintains the directory, and because it is a commercially exploitable resource. We reject both arguments.

While the proof shows that Hercules physically prepares the directory, the entire cost of preparation is borne by the government and, indeed, the directory states that it is the property of the government. Even if Hercules prepares the directory, the government pays for it and owns it. This is enough to make the directory an agency record. *See Forsham v. Harris*, 445 U.S. 169, 182, 100 S.Ct. 977, 985, 63 L.Ed.2d 293 (1980); *Ryan v. Department of Justice*, 617 F.2d 781, 786 (D.C.Cir.1980) (applying "indicia of ownership" standard).

Even if the directory is commercially exploitable, it is utilized as a "primary source[ ] of information about [the] organization[ ] ... of a DoD Component," so that it does not fall within the exclusion set forth in § 518.3(b)(2)(iii).

### III.

We also agree with the district court that release of the directory does not infringe the TSA or exception 4 of the FOIA. The TSA makes criminal the disclosure by an officer or employee of the government, or any governmental agency, of information which "concerns or relates to the trade secrets, processes, operations, style of work ... of any person, firm, partnership,

corporation, or association...." 18 U.S.C. § 1905. As we held in *General Motors Corp. v. Marshall*, 654 F.2d 294 (4 Cir. 1981), the prohibitions of 18 U.S.C. § 1905 are co-extensive with the exceptions from disclosure set forth in 5 U.S.C. § 552(b)(4). *General Motors*, 654 F.2d at 297. In this case Hercules contends that the directory is exempt from disclosure under exemption 4 because it falls within the category of "trade secrets and commercial or financial information obtained from a person and privileged or confidential...." § 552(b)(4).

At the outset, we note that it was held in *Chrysler Corp. v. Brown*, 441 U.S. 281, 293, 99 S.Ct. 1705, 1713, 60 L.Ed.2d 208 (1979), that the exemptions contained in § 552 are not "mandatory bars to disclosure." Moreover *Chrysler Corp.* held that neither the FOIA nor the TSA creates a privately enforceable cause of action. Thus the scope of our review is governed by the Administrative Procedure Act, and we can interfere with the Secretary's decision to release the directory only if he acted arbitrarily or capriciously. *See* 5 U.S.C. § 706.

Hercules maintains that under *Sharyland Water Supply Corp. v. Block*, 755 F.2d 397 (5 Cir.), *cert. denied*, 471 U.S. 1137, 105 S.Ct. 2678, 86 L.Ed.2d 697 (1985), the United States Court of Appeals for the Fifth Circuit established two alternative bases upon which to preclude disclosure under either Act and further maintains that the district court incorrectly applied only one of them. Those two bases are (1) where disclosure of confidential information would "impair the government's ability to obtain necessary information in the future"; and (2) where disclosure would "cause substantial harm to the competitive position of the person from whom the information was obtained." *Id.* at 399 (quoting *National Parks and Conservation Association v. Morton*, 498 F.2d 765, 770 (D.C. Cir.1974)). The district court considered only the second basis and rejected it. Hercules argues that either basis is satisfied here, but we reject the argument.

From our review of the record, we think that Hercules' claims regarding competitive injury are entirely conclusive or speculative. Since Hercules' contract is not awarded competitively, the prospect of competitive injury from releasing the directory is remote. Hercules' argument that the contractual relationship may become more competitive is speculative. In *Gulf and Western Industries, Inc. v. United States*, 615 F.2d 527 (D.C.Cir.1979), the United States Court of Appeals for the District of Columbia Circuit held that to satisfy FOIA's exemption 4, the party seeking to avoid disclosure need not prove actual competitive harm, but should "show the likelihood of substantial competitive harm." *Id.* at 530. That likelihood is not established here.

Second, while the Secretary does not address separately Hercules' argument that releasing the directory will restrict the government's access to such information in the future, the ready answer is that if the Army was so concerned, it could have employed that rationale to preclude disclosure. It failed to do so, and Hercules will not be permitted to raise this issue on the Army's behalf.

In summary, given the attenuated nature of Hercules' claimed competitive injury and the fact that the Army was willing to incur the risk of restricting its own ability to gain the information contained in the RAAP directory in the future, we reject Hercules' arguments that the district court acted in an arbitrary and capricious manner in upholding the document's release notwithstanding FOIA's exemption 4 or the TSA.

## IV.

Finally, we see no merit in Hercules' contention that the district court committed error in considering affidavits of the Assistant to the General Counsel in the Office of the Secretary of the Army and the Deputy for Procurement and Production who was responsible for an army munitions and chemical command in upholding the Secretary's decision to release the directory.

As we read them, the affidavits did no more than summarize the administrative record. Their use was therefore permissible. *See Camp v. Pitts,* 411 U.S. 138, 143, 93 S.Ct. 1241, 1244, 36 L.Ed.2d 106 (1973); *Hayden v. National Security Agency/Central Security Service,* 608 F.2d 1381, 1384 (D.C.Cir.1979), *cert. denied,* 466 U.S. 937, 100 S.Ct. 2156, 64 L.Ed.2d 790 (1980).

AFFIRMED.